IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EMMANUAL DHAKER,** | ) | CASE NO. 1:24 CV 01235 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **GREATER CLEVELAND TRANSIT** | ) | AND ORDER |
| **AUTHORITY POLICE CITATION** | ) | |
| **022452** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Emmanual Dhaker, who claims to be a "constitutional lawyer," brings this action to file criminal charges against two Greater Cleveland Regional Transit Authority ("GCRTA") Police Officers. Plaintiff contends the officers questioned him about his name and his residence and told him they would arrest him if he ever returned. Plaintiff claims that he owns the GCRTA transit center where the incident occurred.

## I. Background

Plaintiff contends he was approached by two GCRTA police officers at 3:00 a.m. on July 20, 2024. They indicated that he was sleeping in the depot and had been asked several times to leave. Plaintiff told them that although he was homeless, he owned the Southgate Park GRTA transit center in Maple Heights. He contends his father built it for his grandfather but that his grandfather gave it to the Bedford Heights government. He claims the Maple Heights police with GCRTA authority "killed several people in the Bedford Hts. City government to commandeer the title and deed to the Southgate International Transit Transient Transportation Depot." (Doc. No.

1-2 at Page ID #: 9). He alleges that the Bedford Heights government could not fight them off but before the "commanders" could get the title and deed, the Bedford Heights government signed the title and deed over to him. The officers asked for his identification, and he produced a United Nations Citizen's ID and a World Health Organization ID. The officers questioned the authenticity of his identification document as one of them listed his birthday as February 13, 1892, making him 132 years old. They questioned him further about his name and determined that he was Clifton Sweeney. The officers issued a criminal citation to him. Plaintiff seeks to bring criminal charges against the officers. He does not identify the officers nor does he indicate what those charges would be.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curium); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The Court, however, has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," which encompasses claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint.

As an initial matter, Plaintiff cannot bring a criminal action in federal court. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). This Court is simply unable to grant the relief requested by Plaintiff.

Furthermore, Plaintiff does not identify any federal civil claims upon which this case could proceed, and none is apparent on the face of the Complaint. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain any suggestion of any viable federal civil claim that Plaintiff intends to assert. Without any indication of the legal claims he intends to assert, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

### III. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, but this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

Date: May 19, 2025

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE